UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSE M. ALVAREZ,

    Petitioner,

v.                               Case No: 5:12-cv-501-Oc-23PRL

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

**ORDER**

Jose M. Alvarez moves (Doc. 5) under 28 U.S.C. § 2241 for a writ of habeas corpus. Alvarez asserts (1) that the Bureau of Prisons ("BOP") violated his due process rights during a prison disciplinary hearing and (2) that he has been held in administrative segregation longer than the sixty-days authorized by the sanction imposed.

**Background**

On February 10, 2012, at the Federal Correctional Institution in Coleman, Florida, a random search of the cell of Alvarez's former cellmate revealed a "Verizon Pantech" cellphone hidden inside the heel of a tennis shoe. (Doc. 5 at 13). The cellphone's history showed calls to and from a number on Alvarez's phone list. (Doc. 10–1 at 7–8). Alvarez told investigators that the cellphone was not his and that the number at issue had been on his call list for only one day. (Doc. 10-1 at 8). On March 2, 2012, the Special Investigative Services completed an investigation and

determined that Alvarez possessed and used the cellphone several times. (Doc. 10-1 at 7).

The matter was referred to a Unit Discipline Committee ("UDC") for further action. At the March 7, 2012, UDC hearing, Alvarez claimed that the number belonged to the mother of another inmate and that the number was on Alvarez's list only so that money could be sent to the other inmate. Alvarez denied seeing a cellphone during his four years of incarceration and claimed that his calls were from the prison's telephone. (Doc. 10-1 at 7). Alvarez was notified of a disciplinary hearing and advised of his rights in the disciplinary process. The alleged offense was identified as Code 108. (Doc. 10-1).

A disciplinary hearing occurred on March 27, 2012. (Doc. 10-1 at 16–18). At the hearing, Alvarez denied the charges against him, and Alvarez's witness, inmate Christopher Morales, testified that he (Morales) made the suspect calls. (Doc. 10-1 at 17). After the hearing, the disciplinary hearing officer ("DHO") determined that Alvarez had violated Code 199. (Doc. 10-1 at 17). Summarizing the investigation and noting that Alvarez denied the charges against him, the DHO stated:

> The DHO took your denial into consideration. However, upon completion of a thorough investigation, the SIS department determined that you were in possession of the cell phone and you also used it on several occasions. Specifically, a kite recovered from inmate Morales housed in the COM SHU stating that he would take the hit for all of the numbers that were linked to the cell phone. This "kite" or note was handwritten by inmate Morales and it was also written in Spanish. The "kite" was translated and it was determined that you were in fact involved in this misconduct. Inmate Morales does not have any of the above mentioned numbers on his approved phone list. This along with the other evidence in this case, leads the DHO to believe that you were the one using this phone. The DHO finds

> the greater weight of evidence to support the reporting staff member.
>
> Therefore, based on the staff eyewitness account of the incident, BOP forensics lab call log sheets, kite recovered from inmate Morales while housed in COM SHE, Truview telephone list contact sheets, and the written report, the DHO found you committed the prohibited act of conduct which disrupts or interferes with the security or orderly running of the institution, code 199, (most like possession of a hazardous tool, cell phone, code 108), and sanctioned you accordingly.

(Doc. 10-1 at 17–18). Alvarez was sanctioned with forty days of disallowed good conduct time, sixty days of disciplinary segregation, one-hundred-eighty days of lost telephone privileges, one-hundred-eighty days of lost commissary privileges, and one-hundred-eighty days of lost visiting privileges. (Doc. 10 at 17–18)

Alvarez (1) claims that he did not receive due process under *Wolff v. McDonnell*, 418 U.S. 539 (1974), because he was initially charged with a violation of Code 108 but the DHO determined that Alvarez committed a violation of Code 199 (Doc. 5 at 17); (2) claims that insufficient evidence existed to support a charge of possession of a cellphone; and (3) claims that he was held in administrative segregation longer than the sixty-day sanction imposed. (Doc. 5 at 18–19). Alvarez seeks expungement of his incident report, reversal of the sanctions, and placement in the general population.[1]

## Discussion

"The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Instead, when

---

[1] After filing the instant petition, Alvarez was transferred to Williamsburg Federal Correctional Institution in Salters, South Carolina, where he is housed in the general population. (Doc. 9). Alverez's request for placement in the general population is **DENIED AS MOOT**, and the claim that he is detained in administrative segregation longer than authorize by the sixty-day sanction is **DISMISSED AS MOOT**. *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("A case must be dismissed as moot if the court can no longer provide meaningful relief.").

reviewing claims involving prison disciplinary proceedings, a federal court is limited "to determin[ing] whether an inmate receive[d] the procedural protections provided by *Wolff* and whether 'some evidence' exists which supports the hearing officer's determination." *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994).

> **a.    *Alvarez was not denied due process when the violation code was changed at the disciplinary hearing.***

When contesting discipline that could result in the loss of a protected liberty interest, the inmate (1) must receive written notice of the charges at least twenty-four hours in advance of the proceeding; (2) "should be allowed to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) must be given "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (internal quotations omitted).

Alvarez claims a denial of procedural due process because the initial incident report allegedly failed to satisfy *Wolff*'s twenty-four-hours' notice requirement. (Doc. 1 at 18). Alvarez does not suggest that the DHO failed to satisfy *Wolff*'s requirements of (1) advance written notice of the alleged behavior leading to a violation, (2) disclosure of the evidence against him, or (3) a written statement of both the evidence on which the factfinder relied and the reasons for the disciplinary action. Rather, Alvarez argues that he was "charged with High Severity Offense Level Code Violation # 108. During the course of the Disciplinary Hearing, the DHO Mr. Carey

- 4 -

**changed** the charge from a Code violation 108 to a High Severity Offense Code Violation 199." (Doc. 12 at 5) (emphasis in original).

Table 3 of 28 C.F.R. § 541.13 lists the BOP offense levels. The most serious offenses ("Greatest Category") are listed in Codes 100-199. Code 108 refers to the "[p]ossession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade.")." Code 199 refers to "[c]onduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons. (Conduct must be of the Greatest Severity nature.) This charge is to be used only when another charge of greatest severity is not applicable." (Doc. 10-1 at 17).

This claim fails because the federal regulations that prescribe the BOP's procedures before a DHO explicitly provide that a hearing officer may find that an inmate "[c]ommitted the prohibited act(s) charged and/or a similar prohibited act(s) if reflected in the Incident Report." 28 C.F.R. § 541.8(a)(1). Possession of a cellphone and "conduct which interferes with the security or orderly running of the institution . . . most like possession of a hazardous tool, cell phone" are similar prohibited acts. Under § 541.8(a)(1), a DHO is permitted to find that, by possessing and using a cellphone, Alvarez violated Code 199 rather than Code 108.

This claim also fails under the *Wolff* standard. The incident report provided a factual description of the grounds for the charges against Alvarez.[2] This description adequately notified Alvarez and "enable[d] him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. The only defense proffered by Alvarez was a denial of the facts, i.e., he claimed that he had not placed the calls. The facts of the incident and the conduct described in the offense report were unchanged.

Alvarez fails to show that receiving notice of the disciplinary code for which he was charged — with a subsequent finding of guilt under another disciplinary code — affected his ability to present at the disciplinary hearing a proper defense regarding the specific conduct at issue. Alvarez asserts that, had a violation of Code 199 been charged initially, "he would have stated that Code Violation 199 was not an applicable offense because Code 108 was already applied appropriately." (Doc. 12 at 9). However, as noted, 28 C.F.R. § 541.8(a)(1) allows a DHO to find that a prisoner committed a similar offense. Therefore, even if Alvarez had argued at his hearing that Code 199 was not the most appropriate code, the outcome would not have changed. Notably, both Code 108 and Code 199 are "greatest category"

---

[2] The Incident Report stated:

> On 03/02/12 an S.I.S. Investigation was completed. The B.O.P. Central Office Forensic Lab Report of a Pantech Cellular Phone recovered on 2/10/12 shows that phone calls were made to and from: phone number 787-907-1746. Specifically, this number was dialed from the Pantech cell phone on 1/13/12@0833, 1/13/12@0835 $ 1/17/12 @ 1422. This cellphone also had a missed call from that number on 1/17/12 @1418. You inmate Alvarez, had phone number 787-906-1746 listed on your Phone List as a Friend. The S.I.S. Dept. concluded that you were in possession of a cell phone and used it several times.

(Doc. 10-1 at 7).

offenses, and the possible sanctions for a violation of either code are the same. 28 C.F.R. § 541.13, Table 4.

Applicable precedent supports the DHO's authority to amend a charge if a similar prohibited act is supported by the incident report. *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (finding that a petitioner who claimed he was found guilty of uncharged misconduct was not deprived of his due process rights because he received adequate notice of the charge through the incident report and because the finding of guilt was supported by sufficient evidence); *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (finding that, because the factual basis of the investigative report offered the petitioner adequate information to defend against the new charge, the reviewing authority's modification did not deprive the petitioner of due process); *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (finding that, because the factual basis of each charge was the same, a prison disciplinary committee did not deny a petitioner due process by elevating a charge from "possession of contraband" to "possession of dangerous contraband"); *Marin v. Bauknecht*, Case No. 8:07–0165–JFA–BHH, 2007 WL 3377152 (D.S.C. 2007) (concluding that, because the incident report supported a violation of the code charged by the DHO, the DHO permissibly amended the code violation); *Graff v. Sanders*, Case No. CV 12-04407 CJC, 2012 WL 5870749 (C.D. Cal. Sept. 28, 2012) (finding that, because the petitioner before the hearing received from the incident report adequate notice of the factual basis for his disciplinary charge, the DHO's determination that the petitioner violated Prohibited Act Code 213A rather than Code 212 or 307 did not violate due process); *compare Bonneau v. Thomas*, Case

No. 3:11-cv-801-ST, 2012 WL 259911 (D. Or. Jan. 27, 2012) (finding that an amended disciplinary charge violated due process because the amended charge depended on "sufficiently different" facts not revealed in the incident report). Under 28 C.F.R. § 541.8(a)(1) and pertinent precedent, Alvarez's due process rights were not violated when the DHO amended the charge from a violation of Code 108 to a violation of Code 199.

### b. *At least "some evidence" supported the charges against Alvarez.*

*Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985), states that due process is not satisfied "unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill* states further that:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.
>
> . . . .
>
> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing.

472 U.S. at 456–57 (internal citations omitted).

The record includes evidence to support the DHO's conclusion that Alvarez impermissibly possessed and used a cellphone. The DHO relied on the forensic laboratory report, which showed several calls from the confiscated cellphone to a

- 8 -

number on Alvarez's phone list. (Doc. 10-1 at 17). Also, the DHO relied on a note, recovered from another inmate and implicating Alvarez in the misconduct. (Doc. 10-1 at 18). The DHO found that the greater weight of the evidence supported a finding that Alvarez committed the prohibited act of "conduct which disrupts or interferes with the security or orderly running of the institution, Code 199, (most like possession of a hazardous tool, cell phone, Code 108)." (Doc. 10-1 at 17–18).

The DHO's report was "not so devoid of evidence that the findings of the [DHO were] without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. In other words, sufficient evidence supports the finding that Alvarez committed the prohibited act. The procedure enunciated in *Wolff*, was followed. The record contains sufficient evidence to support the disciplinary finding, and the disciplinary proceeding accords with the requirements of due process.

## Conclusion

The amended petition for writ of habeas corpus (Doc. 5) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to terminate any pending motion, to enter judgment against Alvarez, and to close the case.

**ORDERED** in Tampa, Florida, on January 13, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE